**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CESAR ANDRES GOMEZ CALDERON,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01025-RFB-EJY

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Cesar Andres Gomez Calderon's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See generally First Am. Pet., ECF No. 17 (July 16, 2026) [hereinafter, "Pet."]. For the following reasons, the Court grants the Petition.

## I.    INTRODUCTION

Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). When ordered by this Court to "make a return certifying the true cause of [ ] detention," see ECF No. 18, Respondents certified that they are detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A)—specifically, pursuant to Federal Respondents' (a.k.a., "the government") novel statutory interpretation of this provision. 28 U.S.C. § 2243; see generally Fed. Resp'ts' Resp. to Pet'r's Verified First Am. Pet., ECF No. 19 (July 20, 2026 [hereinafter, "Opp'n"]. This Court is well acquainted with Federal Respondents' newfound interpretation and application of the Immigration and Nationality Act ("INA"), particularly in regards to § 1225(b)(2)(A), as the Court has repeatedly rejected it as

unlawful.[1] See, e.g., Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases). Moreover, the government's statutory interpretation has recently been rejected by the Ninth Circuit. See generally Rodriguez Vazquez v. Bostock, No. 25-6842, slip. op. (9th Cir. July 30, 2026).

As discussed below, Respondents have asserted a detention authority that is unlawful as applied to Petitioner. See generally id. Therefore, the Court finds Respondents have acted in violation of the INA, this Court's declaratory judgment and vacatur, and the law of this Circuit. In doing so, the government has utterly failed to answer this Court's order to provide a lawful basis for Petitioner's continued detention and failed to show it has afforded Petitioner the full suite of procedures he is owed as a matter of statute and corresponding regulations. On that basis, Court finds the appropriate remedy in this case is Petitioner's immediate release from custody.

The Court does not reach the due process argument raised by Petitioner but reserves the right to rule upon this argument at a later date as may be necessary.

## II. CLASS MEMBERSHIP

Based on the Parties' undisputed factual allegations, and the evidence in the record, the Court finds that Petitioner is a member of the Jacobo-Ramirez Class. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings). First, Petitioner is an undocumented noncitizen who was arrested and detained by ICE on March 5, 2026, and he remains detained. See Pet. at 3. Second, he is in removal proceedings before the Las Vegas Immigration Court, i.e., within the District of Nevada. See ECF No. 8 at 27. Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. See id. Fourth, Federal Respondents are detaining Petitioner under § 1225(b)(2)(A), and they do not assert that he is, or will be, subject to detention under §§ 1226(c), 1225(b)(1), or 1231. See generally Opp'n. Fifth, Petitioner was most recently arrested well within the country's interior, not

---

[1] On March 30, 2026, the Court issued a classwide judgment declaring the government's interpretation of § 1225(b)(2)(A) unlawful under the INA, because undocumented noncitizens like Petitioner, who are arrested by ICE officers in the interior of the country and alleged to have entered without inspection or parole, are subject to detention under § 1226(a) and its implementing regulations: 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026).

while arriving in the United States. See ECF No. 8 at 2.

As a Jacobo-Ramirez Class member, Petitioner is entitled to enforcement of the declaratory judgment and vacatur afforded to the Class by this Court. Months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. This statutory interpretation—as it relates to the applicable statutory provision authorizing detention of Class Members—has since been explicitly adopted by the Ninth Circuit and is now binding on this Court and Respondents. See Rodriguez Vazquez, slip. op. at 10 ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Because Federal Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A), see generally Opp'n, his ongoing detention is therefore unlawful under the INA, as set forth in Rodriguez Vazquez, and this Court's class-wide declaratory judgment.

### III.　　REMEDY

Based on the record before it, the Court finds that Petitioner has been subjected to prolonged erroneous detention in violation of his statutory rights, as well as the Jacobo-Ramirez judgment. Thus, the Court's task is to determine the appropriate remedy for these violations. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (citation omitted) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief. . . . The court is free to fashion the remedy as law and justice require . . . ."); Brown v. Davenport, 596 U.S. 118, 132 (2022) (quoting 28 U.S.C. § 2243) (same). For the following reasons, the Court finds that immediate release is the appropriate equitable remedy in this case.

As previously stated, Respondents have asserted that 8 U.S.C. § 1225(b)(2)(A)—and its associated procedures, or rather, lack thereof—governs Petitioner's detention. Respondents have explicitly disavowed any reliance on 8 U.S.C. § 1226(a), including its implementing regulations and associated procedures, as the authority that governs Petitioner's detention, despite numerous

rulings from this Court—and six circuit courts—which reach the opposite conclusion. See Jacobo-Ramirez, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases); see also generally Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Rojas v. Olson, No. 25-3127, slip. op. (7th Cir. July 30, 2026); Rodriguez Vazquez, slip. op.; Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026); Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026). The Court thus finds that Respondents have relied upon unlawful statutory authority for Petitioner's arrest and continued detention with no indication that they have applied the proper detention authority, 8 U.S.C. § 1226(a), or the procedures required therein as to Petitioner.

Moreover, the Court finds that to the extent that Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment.[2] See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). To the contrary, Federal Respondents have conceded—in both sworn interrogatories and open court—that they are not conducting initial custody determinations (one such procedure) or issuing Form I-286 notices of initial custody determinations to Class Members as a matter of policy. See Hr'g Tr. at 17:22–20:10, Jacobo-Ramirez, No. 2:25-cv-02136-RFB-MDC (D. Nev. June 1, 2026) (ECF No. 157).

The government has openly defied Jacobo-Ramirez and the mandates it set forth for months, repeatedly asserting this rejected detention authority to justify their practice of indiscriminately detaining noncitizens like Petitioner. Now, that "authority," as applied to Petitioner, has been squarely rejected by the Ninth Circuit. See Rodriguez Vazquez, slip op. at 26–55. On that basis, the Court finds Respondents have failed to identify any lawful authority that permits Petitioner's continued detention when called to do so by this Court. Thus, immediate relief

---

[2] To the extent Respondents assert a bond hearing was held in this case, the Court incorporates by reference, as if it were set forth in full herein, its decision in Sanchez Sandoval v. Blanche, No. 2:26-cv-01387-RFB-NJK, 2026 WL 1803675 (D. Nev. June 23, 2026) (footnote omitted) ("Since Petitioner's . . . detention without appropriate procedures was unlawful . . . , the subsequent bond hearing did nothing to address this unlawful conduct. Respondents cannot cure [their] violations by conducting a *post hoc* bond hearing."). Moreover, as Respondents have disavowed reliance on § 1226 and its implementing regulations and procedures, it is unclear what statute—and associated standards, burdens or procedures—apply to such a legally untethered "bond hearing" proceeding.

is the sole appropriate remedy.

The Court also finds, based upon Respondents' history[3] of conduct with respect to these cases, it must adopt additional equitable remedies to ensure that Federal Respondents abide by the appropriate statutory authority, implementing regulations, and procedures.[4] Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

### IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **July 31, 2026** between the hours of **12:00 P.M. and 3:00 P.M.**

---

[3] To elaborate, Federal Respondents have engaged in a systemic pattern of noncompliance with this Court's orders in related habeas matters. These violations include, *inter alia*: removing petitioners from the District of Nevada; failing to release petitioners as ordered; disregarding deadlines; failing to provide constitutionally adequate bond hearings; and imposing unlawful release conditions. See, e.g., Jimenez Gomez v. Dep't of Homeland Sec., No. 2:26-cv-00922-RFB-DJA, 2026 WL 1164736, at *2–3 (D. Nev. Apr. 29, 2026) (collecting examples).

[4] The Court adopts this additional equitable remedy, in part, as a means of safeguarding Petitioner's due process rights. The Ninth Circuit has, when deciding a facial challenge to 8 § U.S.C. 1226(a) brought under the Fifth Amendment's Due Process Clause, recognized that § 1226(a) and its implementing regulations set forth a scheme designed to guarantee certain noncitizens "substantial procedural protections" against the erroneous deprivation of their liberty. Rodriguez Diaz, 53 F.4th at 1196. "[The Ninth Circuit] in fact cited § 1226(a)'s procedures as a reference point for what [the Ninth Circuit] believed should be required under [§§ 1225(b), 1226(c), and 1231(a)(6)]." Id. at 1202.

Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property—including personal identification and/or employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **August 3, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 30, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**